IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

Case No. _____

PREPARED FOOD PHOTOS, INC. f/k/a ADLIFE
MARKETING & COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

AC OF LAFAYETTE L.L.C. d/b/a
CAJUNGROCER.COM,

     Defendant.

_____

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("Plaintiff") sues AC of Lafayette L.L.C. d/b/a CajunGrocer.com ("Defendant") and alleges as

follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of

Florida with its principal place of business located in Broward County, Florida.

2.    Defendant is a limited liability company organized and existing under the laws of

the State of Louisiana with its principal place of business located at 116 Alley 3, Lafayette, LA

70506. Defendant's agent for service of process is Charles F. Hohorst, III, 116 Alley 3, Lafayette,

LA 70506.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this state such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction."  Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper.").

## FACTS

### I.     Plaintiff's Business

6.     Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7.     Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8.     As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

9.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase.  Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10.     Plaintiff owns each of the photographs available for license on its website and

serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II.    The Work at Issue in this Lawsuit**

*A.       The First Photograph*

11.    In 2005, a professional photographer employed and/or contracted by Plaintiff created a photograph titled "ChickenBreastStuffed001.jpg" ("<u>The First Photograph</u>"). A copy of the First Photograph is displayed below.



12.    The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on September 20, 2016 and was assigned Registration No. VA 2-017-741. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **<u>Exhibit "A."</u>**

*B.       The Second Photograph*

3

13.    In 1998, a professional photographer employed and/or contracted by Plaintiff created a photograph titled "Jambalaya001.jpg" ("The Second Photograph"). A copy of the Second Photograph is displayed below.



14.    The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on October 23, 2016 and was assigned Registration No. VA 2-022-051. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

15.    The First Photograph and Second Photograph are collectively referred to herein as the "Work."

16.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**Defendant Unlawful Activities**

17.    Defendant is an online grocery store specializing in Cajun food and products.

18.    Defendant advertises/markets its business primarily through its commercial website (https://www.cajungrocer.com/), social media (e.g https://www.instagram.com/cajungrocer/), and

4

other forms of advertising.

19.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20.    On a date after Plaintiff's above-referenced copyright registration of the First Photograph, Defendant displayed and/or published the First Photograph on its website (at (https://www.cajungrocer.com/poultry-game?page=2):



21.    On a date after Plaintiff's above-referenced copyright registration of the Second Photograph, Defendant displayed and/or published the Second Photograph on its website (at https://www.cajungrocer.com/jambalaya-2):



22.     A true and correct copy of the screenshot of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

23.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its advertising or for any other purpose – even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

24.     Defendant utilized the Work for commercial use.

25.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered the aforementioned unauthorized use/display of the Work in January 2021.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

**COUNT I – COPYRIGHT INFRINGEMENT**

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

30.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

31.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

32.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©CajunGrocer.com © 2023"), indicating that Defendant understands the importance of copyright protection/intellectual property rights. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

33.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

34.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

35.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

37.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights

8

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

**<u>Demand For Jury Trial</u>**

Plaintiff demands a trial by jury on all issued so triable.

Dated: January 4, 2024.                    GIEGER, LABORDE & LAPEROUSE, LLC
                                           701 Poydras Street
                                           Suite 4800
                                           New Orleans, LA 70139
                                           Tel: 504.561.0400
                                           jbaay@glllaw.com

                                           By: /s/*John E. W. Baay II*
                                                  John E.W. Baay II
                                                  LA Bar Number 22928